IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit organization, *et al.*, | ) | 13-CV-66-M-DLC |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | MOTION TO |
| | ) | DISMISS PURSUANT |
| DAN VERMILLION, in his official capacity as | ) | TO STIPULATED |
| Chairman of the Montana Fish, Wildlife and Parks | ) | AGREEMENT |
| Commission *et al.*, | ) | |
| | ) | |
| State-Defendants, | ) | |
| | ) | |
| MONTANA TRAPPERS ASSOCIATION, et al. | ) | |
| Defendant-Intervenors. | ) | |
| | ) | |

In accordance with the stipulated agreement reached in this matter between the Plaintiffs and State-Defendants (Doc. 69-1) and this Court's February 12, 2015 order (Doc. 71), Plaintiffs respectfully request this Court issue an order adopting the stipulated agreement and dismissing this case with prejudice, while retaining limited jurisdiction to enforce the terms and conditions of the agreement. *See* Doc. 69-1 at ¶¶ 9,10. In support of this motion, Plaintiffs state as follows:

1. On March 21, 2013, Plaintiffs filed a civil action for declaratory and injunctive relief against State-Defendants alleging violations of Section 9 of the

Endangered Species Act (ESA), 16 U.S.C. § 1538. Plaintiffs maintained State-Defendants' authorization of trapping in lynx habitat had resulted, and is likely to continue to result, in the illegal "take" of Canada lynx (lynx) in violation of Section 9 of the ESA unless regulatory changes were made. At least fifteen incidents of illegal lynx take have been reported to State-Defendants since the species was protected under the ESA in March, 2000. The regulatory changes needed to protect lynx from otherwise legal trapping are outlined by the U.S. Fish and Wildlife Service (Service) in *How to Avoid Incidental Take of Lynx While Trapping or Hunting Bobcats and other Furbearers. See* Doc. 40-14. Some of these regulatory changes have also been adopted by other states occupied by lynx, including Maine and Minnesota. *See* Doc. 40-24 (Maine's regulations); Doc. 40-25 (Minnesota's regulations).

2.  After filing the complaint and prior to conducting discovery, Plaintiffs reached out to State-Defendants in an unsuccessful attempt to settle this case. After completing discovery in this matter (both fact and expert) and briefing this matter on the merits via cross-motions for summary judgment, however, Plaintiffs and State-Defendants agreed to explore settlement once again.

3. After months of difficult negotiations, and with the able assistance of U.S. Magistrate Judge Lynch at a February 4, 2015 settlement conference in Missoula,

Montana, a final stipulated agreement was reached between Plaintiffs and State-Defendants. A complete and signed copy of the stipulated agreement was filed with this Court and attached to the Parties' February 10, 2015 joint motion to stay proceedings. *See* Doc. 69-1.

4. The stipulated agreement reached between Plaintiffs and State-Defendants will help conserve lynx and bring State-Defendants' authorization of trapping into compliance with the ESA. The stipulated agreement includes: (1) the creation of Lynx Protection Zones (LPZs) in Montana where special trapping regulations designed to protect lynx from traps will apply, *see* Doc. 69-1 at ¶ 2 and Doc. 69-1 at Exhibit A (map depicting LPZs); (2) reasonable restrictions on the type and size of traps and baits used in the LPZs to reduce or eliminate the risk of lynx take, *see* Doc. 69-1 at ¶ 4; (3) a prohibition on trapping wolverines in Montana until the 2017-2018 trapping season (at least two lynx were incidentally caught in traps set for wolverine);(4) future monitoring and reporting of lynx take and a provision for modifying the agreement, if necessary, to reduce future take, *see* Doc. 69-1 at ¶ 7; and (5) a process for resolving future disputes, *see* Doc. 69-1 at ¶ 10. The stipulated agreement also preserved Plaintiffs' right to seek reimbursement for attorneys' fees and costs in this matter pursuant to Section 11(g)(4) of the ESA, 16 U.S.C. § 1540(g)(4), and State-Defendants' right to oppose any such request. Doc. 69-1 at ¶

13.

5.  On February 12, 2015, Defendant-Intervenors (hereinafter "the trappers")

filed a response objecting to the stipulated agreement. Doc. 70. The trappers stated

that they "do not agree to settle this lawsuit" under the terms of the stipulated

agreement and asserted that Plaintiffs and State-Defendants cannot settle this case

without their consent. Doc. 70 at 2-3. Plaintiffs anticipate that the trappers will

likely file a similar objection to this motion.

6. The trappers are entitled to object to the stipulated agreement but their

assertion that the trappers' consent to the stipulated agreement is required before

this case can be dismissed is incorrect: "It has never been supposed that one party –

whether an original party, a party that was joined later, or an intervenor – could

preclude other parties from settling their own disputes and thereby withdrawing

from litigation." *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*,

478 U.S. 501, 528-529 (1986). Thus, while an intervenor is entitled to have its

objections heard, it "does not have the power to block the decree merely by

withholding its consent." *Id.* (citations omitted). The trappers may object to the

stipulated agreement – which they have done – but they cannot block the

agreement or otherwise compel Plaintiffs and State-Defendants to pursue a dispute

that no longer exists. *Id.*[1] This is especially true in this case, where the trappers merely intervened to defend the State-Defendants from take liability under the ESA and did not pursue any independent cross-claims of their own. Nothing in the stipulated agreement, therefore, disposes of the claims of an outside third party. Nor does the stipulated agreement impose any legal duties or obligations on the trappers: it only binds Plaintiffs and State-Defendants. *See* Doc. 69-1.

7. Pursuant to the stipulated agreement, all of the regulatory changes agreed to between Plaintiffs and State-Defendants are contingent upon the Montana Fish and Wildlife Commission's (Commission's) approval of the changes through a publicly noticed process. Doc. 69-1 at ¶ 8.

8. In accordance with the stipulated agreement and this Court's February 12, 2015, order (Doc. 71), therefore, State-Defendants brought the stipulated agreement to the Commission and recommended adoption of the agreement in its entirety.

9. On July 9, 2015, the Commission approved all of the regulatory changes included in the Plaintiffs' and State-Defendants' stipulated agreement as per State-

---

[1] The trappers reliance on *Moten v. Bricklayers, Masons and Plasters, Int'l Union of America*, 543 F.2d 224, 228 (D.C. Cir. 1976), *see* Doc. 70 at 3, is unhelpful because it involved an untimely motion to intervene and the lack of sufficient interest to intervene. Neither of these two issues are relevant here.

Defendants' request.

10. Prior to approving the regulatory changes in the agreement, the Commission received public comment in support of and against the proposed changes. Plaintiffs, State-Defendants, and other members of the public spoke in favor of the changes and stipulated agreement. The trappers submitted public comment against the stipulated agreement and recommended other changes be made. After carefully considering all comments submitted, the Commission declined to adopt the trappers' recommendations and adopted the stipulated agreement in its entirety, as recommended by State-Defendants.

11. Pursuant to the stipulated agreement (Doc. 69-1 at ¶¶ 9,10) and this Court's February 12, 2015, order (Doc. 71), therefore, Plaintiffs hereby move this Court for an order adopting the stipulated agreement and dismissing this action with prejudice, while retaining limited jurisdiction to enforce the terms and conditions of the stipulated agreement.

12. Before approving an agreement, a court should satisfy itself that: (1) the dispute being settled falls within the court's subject matter jurisdiction; (2) the proposed settlement is consistent with the case made by the pleadings; and (3) the settlement furthers "the objectives of the law upon which the complaint was based." *Local Number 93,* 478 U.S. at 525; *Citizens for a Better Env't v. Gorsuch,*

6

718 F.2d 1117, 1125 (D.C. Cir. 1983) ("the focus of the court's attention in

assessing the agreement should be the purposes which the statute is intended to

serve"). These requirements are satisfied here.

13. The stipulated agreement, which was signed by Plaintiffs and State-

Defendants and approved by the Commission, is in all respects fair and reasonable

and furthers the objectives of the ESA.

14. Plaintiffs and State-Defendants are in agreement that the stipulated

agreement will significantly reduce (and hopefully eliminate) the take of lynx from

otherwise legal trapping in occupied lynx habitat in Montana. The stipulated

agreement, therefore, brings State-Defendants' authorization of trapping in lynx

habitat into compliance with Section 9 of the ESA and furthers the ESA's goals by

conserving threatened lynx in Montana. Moreover, if the regulatory changes

included in the stipulated agreement fail to adequately protect lynx from take,

Plaintiffs and State-Defendants agree to make changes and modify the agreement,

as necessary, to further reduce the risk of take. Doc. 69-1 at ¶ 7. Plaintiffs and

State-Defendants also agree to explore ways to improve and modify the stipulated

agreement in the future to further conserve threatened lynx and have agreed to

solicit input from the trappers to assist in this endeavor.

15. In accordance with Local Rule 7.1(c)(1), counsel for Plaintiffs contacted

counsel for State-Defendants and counsel for the trappers regarding this motion. State-Defendants do not oppose this motion. The trappers oppose this motion.

WHEREFORE, in accordance with the terms of the stipulated agreement (Doc. 69-1 at ¶ 10) and this Court's February 12, 2015 order (Doc. 71), and consistent with *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994), Plaintiffs respectfully request this Court issue an order adopting the stipulated agreement and dismissing this case with prejudice, while retaining limited jurisdiction to enforce the terms and conditions of the stipulated agreement. *See* Doc. 69-1 at ¶¶ 9,10.

Respectfully submitted this 19th day of August, 2015.

/s/ Matthew K. Bishop
Matthew K. Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
(406) 324-8011 (tel.)
(406) 443-6305 (fax)
bishop@westernlaw.org

/s/ Sarah K. McMillan
Sarah K. McMillan
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 549-3895 (tel.)
smcmillan@wildearthguardians.org

8

/s/ Melissa A. Hailey
Melissa A. Hailey, *admitted pro hac vice*
Antonio Bates Bernard P.C.
3200 Cherry Creek Drive South, Suite 380
Denver, CO 80209
(303) 733-3500 (tel.)
mhailey@abblaw.com

Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2015, I filed a copy of this

document electronically through the CM/ECF system, which caused all counsel to

be served by electronic means, as more fully reflected on the Notice of Electronic

Filing.

/s/ Matthew K. Bishop
Matthew K. Bishop