**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit organization; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DAN VERMILLION, in his official capacity as Chairman of the Montana Fish, Wildlife and Parks Commission; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> MONTANA TRAPPERS ASSOCIATION; et al., <br><br> Intervenor-Defendants-Appellants. | No. 15-35832 <br><br> D.C. No. 9:13-cv-00066-DLC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted July 14, 2017[**]
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and OWENS, Circuit Judges, and NAVARRO,[***] Chief District Judge.

Appellants, intervenor-defendants below, appeal from the district court's order approving the stipulated settlement agreement and dismissing the case with prejudice. We have jurisdiction under 28 U.S.C. § 1291, but we dismiss this appeal for lack of standing.

An intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted "is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." *Diamond v. Charles*, 476 U.S. 54, 68 (1986); *see also Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398–99 (9th Cir. 1995). To establish Article III standing, a party must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and challenged conduct; and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Appellants assert that the settlement agreement precludes them from meaningfully influencing the regulatory process. This alleged injury is neither concrete nor imminent and rests on the hypothetical assumption that the Montana Fish, Wildlife and Parks Commission (the "Commission") is not acting

---

[***] The Honorable Gloria M. Navarro, Chief United States District Judge for the District of Nevada, sitting by designation.

independently in light of the settlement agreement. *See Lujan*, 504 U.S. at 560 (stating that an injury in fact must be actual or imminent, not conjectural or hypothetical). We find that appellants fail to establish an injury in fact under this theory.

Appellants additionally assert that they were injured by the Commission's adoption of the proposed regulatory changes in the settlement agreement. The settlement agreement, however, only required the Montana Fish, Wildlife and Parks Department (the "Department") to recommend the changes to the Commission, which then had to independently adopt them through a publicly notified process. Accordingly, we find the chain of causality is too attenuated to support standing. *See Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012).

Furthermore, a favorable decision would not redress the appellants' alleged injury. A party has no redressability where "any prospective benefits depend on an independent actor who retains 'broad and legitimate discretion the courts cannot presume either to control or predict.'" *See Glanton ex rel. ALCOA Prescrip. Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006). Here, a favorable decision would not undo the challenged regulations absent independent action from the Commission. We therefore find that appellants lack standing on appeal.

**DISMISSED**.